WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
New York, New York 10004
Telephone: (212) 510-0500
By: Shara Cornell
    Trial Attorney

**HEARING DATE: July 13, 2026**
**HEARING TIME: 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

    :   Case No. 26-10275-MG

In re    :

    :   (Chapter 11)

MAX NY UNION SQUARE LLC,    :

    :

    Debtor.    :

    :

---------------------------------------------------------x

PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), will move this Court before the Honorable Martin Glenn, Chief Bankruptcy Judge, in the United States Bankruptcy Court, 1 Bowling Green, New York, New York, 10004 on **July 13, 2026 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order dismissing this bankruptcy with prejudice, and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE**, that the Motion will be heard on **July 13, 2026, at 10:00 a.m.** through the Zoom for Government. Participants in the hearing are required to register their appearance by 4:00 p.m. the day before the hearing utilizing the e-Court Appearances tool at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

**PLEASE TAKE FURTHER NOTICE** that any responsive papers should be filed with the Court and personally served on the United States Trustee, to the attention of Shara Cornell, Esq., via e-mail at shara.cornell@usdoj.gov no later than three (3) days prior to the return date set

1

forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the

party on whose behalf the papers are submitted, the nature of the response, and the basis for such

response.

Dated: New York, New York
      June 25, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   */s/ Shara C. Cornell*
    Shara C. Cornell
    Trial Attorney
    One Bowling Green
    New York, New York 10004
    Tel. No. (212) 510-0500
    Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           :
In re                                                      :
                                                           :
MAX NY UNION SQUARE LLC,                                   :
                                                           :
                              Debtor.                      :
                                                           :
-----------------------------------------------------------x

Case No. 26-10275-MG

(Chapter 11)

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE**
**IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THIS CASE, OR**
**IN THE ALTERNATIVE, CONVERTING THIS CHAPTER 11 CASE TO CHAPTER 7**

**TO THE HONORABLE MARTIN GLENN,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

This memorandum of law is in support of the motion (the "**Motion**") of William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), for an order dismissing the case of Max NY Union Square LLC (the "**Debtor**"). In support thereof, the United States Trustee respectfully alleges the following:

## I.   INTRODUCTION

"Cause" exists under 11 U.S.C. § 1112(b) to dismiss this bankruptcy case. The Debtor has failed to comply with its debtor-in-possession obligations. Since filing for bankruptcy over four months ago, the Debtor has failed to file *any* proper monthly operating reports, in direct dereliction of its debtor-in-possession obligations. The failure to timely file proper monthly operating reports is a basis for conversion or dismissal of these bankruptcy cases. While on May 26, 2026, the Debtor filed a document self-identified as "First Small Business Monthly Operating Report for Filing Period March to May 4" [ECF No. 20] (the "**Incorrect MOR**"), it is not an acceptable operating report. First, operating reports must be separately filed for each month—combined documents are not acceptable. Second, the Debtor failed to use the correct form. Without the correct form and

1

separate monthly reports, disbursements cannot be properly identified. Moreover, the Incorrect MOR fails to provide answers to important questions that the correct form requires. The United States Trustee has made several attempts to communicate these requirements to the Debtors without avail.

Moreover, the Debtor has failed to make any payments pursuant to 28 U.S.C. § 1930(a) ("**Statutory Fees**") which is another basis for conversion or dismissal. However, without correct operating reports, Statutory Fees are merely estimated at this time.

In addition to failing to fulfill basic ongoing debtor-in-possession obligations, the Debtor, who filed this bankruptcy petition as a small business case, was required to file a plan of reorganization on or before June 10, 2026. However, as of the date of this Motion, no plan or disclosure statement has been filed. Accordingly, cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b). As set forth below, the United States Trustee is seeking dismissal of this case.

## II.  FACTS

1. On February 10, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition (the "**Petition**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"). ECF No. 1.

2. On the Petition, Question 8, the Debtor stated that, "The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)." *Id*.

3. The Debtor continues to control and maintain its assets and operations as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 27, 2026, the Debtor filed the Incorrect MOR.

5.      As of the date of this Motion, the Debtor has failed to file monthly operating reports for February 2026, March 2026, April 2026, and May 2026.

6.      As of the date of this Motion, the Debtor has failed to pay any statutory fees.

7.      As of the date of this Motion, the Debtor has failed to file a plan or disclosure statement.

## III.      ARGUMENT

### A.      Dismissal or Conversion is Appropriate Under 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court <u>shall</u> convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause."   11 U.S.C. § 1112(b)(1) (emphasis added).

Section 1112(b)(4) contains sixteen examples of events that constitute cause for conversion or dismissal. *In re FRGR Managing Member, LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors. *Id*.; *see also In re Gucci*, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (noting that bankruptcy court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. §1112(b)(1)-(10) for finding cause."). The burden of demonstrating cause rests with the movant. *In re BHS & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); *In re Ameribuild Const. Mgmt., Inc*., 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

3

a.   **The Debtor Has Failed to Timely File its Monthly Operating Reports**

The Debtor has failed to file *any* monthly operating reports. *See* 11 U.S.C. § 1106(a)(1) (an operating debtor-in-possession is required to file monthly operating reports). Even if the Debtor were now to file all of its monthly operating reports that are past due, the delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b). Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added); *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late"). Monthly operating reports serve an important function in a bankruptcy case. They allow for all parties in interest, including the Court, United States Trustee, and creditors, to evaluate debtors and their ongoing financial condition in exchange for certain bankruptcy protections. *See, e.g., In re Visicon S'holders Tr.*, 478 B.R. 292, 315 (Bankr. S.D. Ohio 2012) ("The purpose of the operating reports is to provide the parties in interest, the UST and the court with meaningful financial information with which to gauge the debtor's performance.").

In this case, the failure to file monthly operating reports as they become due, not only violates the statutes but makes it difficult (if not impossible) for interested parties, the United States Trustee, or the Court to monitor the Bankruptcy Case. Parties are operating in an information vacuum while the Debtor receives the benefits of the bankruptcy process, including the automatic stay. Accordingly, cause exists to dismiss or convert this case.

**b. Debtor Has Failed to Pay Statutory Fees**

The Debtor is delinquent in the payment of Statutory Fees pursuant to title 28, United States Code, section 1930(a)(6). The payment of Statutory Fees is a mandatory statutory requirement. *See, e.g., Schwartz v. Aquatic Development Group, Inc. (In re Aquatic Development Group, Inc.)*, 352 F.3d 671, 674 (2d Cir. 2003) (section 1930(a)(6) requires debtors to pay fees to the United States Trustee until the case is converted or dismissed). This Court has regularly found that the non-payment of Statutory Fees constitutes cause to convert or dismiss Chapter 11 cases. *See In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (failure to pay quarterly fees, without more, provides cause to dismiss or convert case); *see also In re Hi-Toc Development Corp.*, 159 B.R. 691, 693 (Bankr. S.D.N.Y. 1993). Accordingly, cause to convert or dismiss exists in light of the non-payment of Statutory Fees.

**B. There are No Unusual Circumstances Establishing that Dismissal is Not in the Best Interests of Creditors and the Estate**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of creditors and the estate. The Debtor has already missed the deadline for filing a plan and disclosure statement. Based on these facts, it is unlikely that the Debtor will be able to confirm a plan.

5

## IV.    <u>CONCLUSION</u>

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order

dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b), and granting such other and

further relief as may be deemed just and proper.

Dated: New York, New York
         June 25, 2026

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2


By:      /s/ Shara C. Cornell
         Shara C. Cornell
         Trial Attorney
         United States Trustee Program
         Department of Justice
         One Bowling Green
         New York, New York 10004
         Tel. No. (212) 510-0500

6