**LEECH TISHMAN ROBINSON BROG, PLLC**　　　　**Hearing Date and Time:**
One Dag Hammarskjöld Plaza　　　　　　　　　　**July 13, 2026 at 11:00 a.m.**
885 Second Avenue, 3rd Floor
New York, New York 10017
Tel. No.: 212-603-6300
Clement Yee, Esq.
cyee@leechtishman.com
*Attorneys for 841-853 Fee Owner LLC*

UNITED STATED BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

In re:　　　　　　　　　　　　　　　　　　　Chapter 11

**MAX NY UNION SQUARE LLC,**　　　　　　　Case No. 26-10275-mg

　　　　　　　　　　　　　Debtor.
---------------------------------------------------------------------X

### MOTION FOR ORDER (I) COMPELLING IMMEDIATE SURRENDER OF LEASED PREMISES AND (II) GRANTING LANDLORD RELIEF FROM THE AUTOMATIC STAY FOR CAUSE IN ORDER FOR LANDLORD TO TAKE ANY AND ALL ADDITIONAL ACTIONS NECESSARY TO TERMINATE THE SUBJECT LEASE AND REGAIN POSSESSION OF THE LEASED PREMISES

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

　　　**841-853 Fee Owner LLC,** the landlord ("Landlord") of the premises described as "store space, basement space and mezzanine space" in the building known as 841 Broadway, New York, New York (the "Leased Premises") by its attorneys **Leech Tishman Robinson Brog, PLLC,** seeks the entry of an order (i) compelling Max NY Union Square LLC (the "Debtor") to immediately surrender the Leased Premises to the Landlord pursuant to 11 U.S.C. §365(d)(4) and, (ii) granting Landlord relief from the automatic stay for cause in order for Landlord to take any and all additional actions necessary to terminate the subject lease and regain possession of the Leased Premises, and (iii) granting related relief. In support thereof the Landlord represents as follows:

4927-0076-3049, v. 6

**BACKGROUND**

1.      On February 10, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.      The Landlord and the Debtor are parties to a lease agreement dated August 2005, as amended (the "Lease"), for the Leased Premises.  Prior to the Petition Date, on August 13, 2025, the Landlord commenced an action for non-payment of rent against the Debtor in New York Civil Court, Index No. LT-313867-25/NY (the "Non -Payment Action").  In its Petition for Non-Payment, the Landlord asserted that $359,377.75 in rent and additional rent was outstanding.

3.      The Non-Payment Action was resolved by stipulation dated January 29, 2026 (the "Stipulation"), whereby the Debtor agreed to the issuance of a warrant of eviction forthwith, a final judgment of possession in favor of the Landlord and money in the amount of $664,080.71 to be paid in installments to the Landlord, with the first payment of $264,080.71 due by February 3, 2026.  The Stipulation stayed the execution of the warrant of eviction on the condition that the Debtor made the required installment payments to the Landlord, paid the February 2026 rent by a date certain, and paid rent and additional going forward by the 5th of each month.

4.      The Debtor failed to make the first installment payment by February 3, 2026. According to the Stipulation, in the event of a default, Landlord was to serve a notice of default on five (5) business days' notice, providing an opportunity to cure, or the warrant of eviction was to execute upon service of a Marshall's notice of eviction.  The Petition Date occurred during the 5 business day default notice period, effectively staying the execution of the warrant of eviction.

5.      Since the Petition Date, the Debtor's use and occupancy payments to the Landlord have been untimely.  As of the filing of this motion, the Debtor has not tendered the amounts due

the Landlord for the post-Petition Date period from February 10 through February 28, 2026.

6.      The Debtor's time-period within which to elect to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code expired on June 10, 2026, the date that is 120 days from the Petition Date.[1]  The Debtor did not file a motion to assume the Lease or a motion to extend its deadline to elect to assume or reject the Lease on or prior to June 10, 2026.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334 and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. §157(b) (2). Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105, 362, 365, and 503 of the Code, Rules 4001 and 9006 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 4001-1, 9006-1 and 9013-1.

## THE LEASE IS DEEMED REJECTED UNDER SECTION 365(d)(4)

8.      Landlord hereby requests entry of an order (i) compelling the Debtor to immediately surrender possession of the Leased Premises and removal of all personal property from the Premises, and (ii) if necessary, modifying the automatic stay with respect to the Lease and the Debtor to the extent necessary to allow Landlord to take all actions required to terminate the Lease and regain possession of the Leased Premises.

9.      Section 365(d)(4)(A) of the Bankruptcy Code provides, in pertinent part:

(4)(A) Subject to paragraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee **shall be deemed rejected** and the trustee

---

1 On June 11, 2026, after the 120-day deadline expired, the Debtor subsequently filed its own Emergency Motion for an Order Nunc Pro Tunc, Extending the Time to Assume or Reject Unexpired Nonresidential Real Property Lease Pursuant to 11 U.S.C. §§ 105(a) and 365(d)(4) [ECF Doc. 23] and Motion for an Order (I) Authorizing the Assumption of Unexpired Nonresidential Real Property lease Pursuant to 11 U.S.C. §§ 105(a) and 365(a), and (II) Granting Related Relief [ECF Doc. 22].  The Landlord will be submitting an appropriate response to both motions and submits that both motions should be denied.

> **shall immediately surrender** that nonresidential real property to the lessor, if the
> trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) that date of entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

10.     "Section 365(d)(4) of the [Bankruptcy] Code clearly states that if the trustee fails to act to assume or reject the lease within the statutory time period, the lease is deemed rejected by operation of law." *In re Esmizadeh*, 272 B.R. 377, 386 (Bankr. E.D.N.Y. 2002); see also *In re The Culture Project*, 571 B.R. 555, 559 (Bankr. S.D.N.Y. 2017) ("Section 365(d)(4) of the Bankruptcy Code states that if a debtor does not assume a lease of nonresidential real property before the expiration of the deadline, the lease is 'deemed rejected,' and the trustee shall immediately surrender that nonresidential real property to the lessor."); *In re Southampton Yen Rest. Grp.*, No. 09-13874 (MG), 2009 WL 3925563, at *4 (Bankr. S.D.N.Y. Nov. 16, 2009)[2] (upon expiration of 120-day period, "the lease is deemed rejected as a matter of law and the [d]ebtor must immediately surrender the property"). "Upon a finding that the Trustee's right to assume the [l]ease has expired, the [l]ease reverts to [l]andlord, and [the Trustee cannot] assert any ownership interest in and to the lease." *Esmizadeh*, 272 B.R. at 377.

11.     The Lease is a Lease for non-residential real property under which the Debtor is the lessee. The deadline in this case for the Debtor to assume or reject the Lease was June 10, 2026. The Debtor did not meet the statutory deadlines set forth in section 365(d)(4)(A), including by not seeking to assume the lease or filing a motion seeking an extension of the time-period within which to assume or reject the Lease. The Lease is therefore deemed rejected by operation of law as of June 10, 2026 and the Debtor's right to remain in possession of the Leased

---

2 Per the Order re Supplemental Briefing (ECF 24), the Landlord will further address this Court's *Southampton Yen* decision in a separate brief due July 10, 2026.

Premises has terminated.  The Debtor must therefore immediately surrender the Leased Premises to the Landlord.

**CAUSE EXISTS FOR RELIEF FROM THE AUTOMATIC
STAY IN ORDER FOR THE LANDLORD TO TAKE ANY
AND ALL ADDITIONAL ACTIONS NECESSARY TO TERMINATE
THE SUBJECT LEASE AND REGAIN POSSESSION OF THE LEASED PREMISES**

12.     As an initial matter, [t]his Court has recognized that a debtor's inability to assume a lease constitutes "cause" for relief from the automatic stay under Bankruptcy Code section 362(d)(1).  *Bell v. Alden Owner, Inc.*, 199 B.R. 451, 462 (S.D.N.Y. 1996).  Additionally, because the Debtor no longer has any interest in the Lease and Leased Premises there is additional "cause" to lift the stay.  *See Southampton Yen*, 2009 WL 3925563, at * 3 (landlord entitled to have stay lifted for cause due to lack of interest in property).  In this case, the Lease has been rejected by operation of law and it cannot now be assumed by the Debtor.  Therefore, cause exists to lift the stay to the extent necessary for the Landlord to terminate the Lease and regain possession of the Leased Premises.

13.     However, "the lease itself is not terminated by the rejection."  *Culture Project*, 571 B.R. at 559.  When a trustee rejects a non-residential real property lease, he must immediately surrender the property to the lessor and in such cases "rejection is tantamount to termination." *In re Henderson*, 245. B.R. 449, 453 (Bankr. S.D.N.Y. 2000).  The Debtor currently remains in possession of the Leased Premises.  The Landlord submits that should the Leased Premises be surrendered to the Landlord then the Lease will be deemed terminated. However, to the extent that the Debtor does not surrender the Leased Premises or there remains any outstanding issues with respect to the Lease, the automatic stay should be lifted so that the Landlord can enforce its rights including to take any additional actions necessary to formally terminate the Lease and regain possession of the Leased Premises.

14.     Using an analysis of the *Sonnax* factors, the Court may find cause to lift the automatic stay.

> Where a party seeks stay relief to commence or continue litigation in another forum, the bankruptcy court must weigh the request against the following factors in determining if "cause" exists:
>
> > (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Henderson*, 245. B.R. 449, 455 (citing *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

15.     Not all factors are relevant and the court need not assign equal weight to each factor. *Id.* (internal citations omitted).  Because the Lease is rejected, the Debtor no longer has any possessory interest in the Leased Premises.  Absent the Lease, the Debtor has minimal assets to administer and no path to reorganization.  As a result, lifting the stay will not have any impact on the Debtor's chapter 11 case and, if necessary, the Landlord will be permitted to assert its rights under applicable non-bankruptcy law to terminate the Lease and regain possession of the Leased Premises.

### CONCLUSION

16.     Accordingly, the Landlord submits that because the Lease is deemed rejected, the Debtor must immediately surrender the Leased Premises to the Landlord and that cause exists to

4927-0076-3049, v. 6

lift the automatic stay in order for the Landlord to take any and all additional actions necessary to terminate the Lease and regain possession of the Leased Premises.

## **NOTICE**

17.     Notice of this Motion will be provided in accordance with Bankruptcy Rules 4001 and 9013.  Landlord requests that such notice be deemed sufficient.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order: (i) compelling the Debtor to immediately surrender the Leased Premises to the Landlord pursuant to section 365(d)(4) of the Bankruptcy Code, (ii) granting Landlord relief from the automatic stay for cause in order for Landlord to take any and all additional actions necessary to terminate the subject lease and regain possession of the Leased Premises, and (iii) granting  the Landlord such other and further relief as may be just and proper.

**DATED:**     New York, New York
June 29, 2026

**LEECH TISHMAN ROBINSON BROG, PLLC**
**Attorneys for the Landlord**
One Dag Hammarskjöld Plaza
885 Second Avenue, 3rd Floor
New York, New York 10017
Tel. No.: 212-603-6300


By: /s/ Clement Yee
**Clement Yee, Esq.**

4927-0076-3049, v. 6