**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

      **MAX NY UNION SQUARE LLC,**

      Debtor.

**Case No.:** 26-10275-mg
**Chapter 11**
**Judge:** Hon. Martin Glenn, Chief Judge

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT......................................................................................................................3

  I.  THE UST BEARS THE BURDEN OF ESTABLISHING CAUSE AND HAS NOT MET IT ...................................................................................................................................3

  II.  EVEN IF CAUSE EXISTS, THE DEBTOR HAS CURED OR IS CURING ALL DEFAULTS ........................................................................................................................4

     A.  The MOR Deficiency Has Been Remedied ............................................................4

     B.  Statutory Fees Will Be Paid Immediately ..............................................................5

     C.  The Small Business Plan Deadline Does Not Mandate Dismissal.........................5

  III. UNUSUAL CIRCUMSTANCES ESTABLISH DISMISSAL IS NOT IN THE BEST INTERESTS ......................................................................................................................6

     A.  The Debtor's Business Has Genuine Reorganization Value ..................................6

     B.  Creditors Are Better Served by Reorganization Than Dismissal...........................7

     C.  Conversion to Chapter 7 Is Not Appropriate .........................................................7

  IV.  THE COURT SHOULD GRANT A REASONABLE CONTINUANCE TO ALLOW FULL CURE ......................................................................................................................8

CONCLUSION...................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 120 (Bankr. S.D.N.Y. 2009) ....................3

*In re BHS & B Holdings, LLC*, 439 B.R. 342 (Bankr. S.D.N.Y. 2010) .............................3

*In re FRGR Managing Member, LLC*, 419 B.R. 576 (Bankr. S.D.N.Y. 2009) ...................3

*In re Gucci*, 174 B.R. 401 (Bankr. S.D.N.Y. 1994)..................................................................3

*In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707 (Bankr. D. Md. 2011)...............4

*In re Orbit Petroleum, Inc.*, 395 B.R. 145 (Bankr. D.N.M. 2008) .....................................4

*In re Tornheim*, 181 B.R. 161 (Bankr. S.D.N.Y. 1995).........................................................5

*Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Grp., Inc.)*, 352 F.3d 671 (2d Cir. 2003) ..............................................................................................................................................5

*NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)..............................................................6

**Statutes**

11 U.S.C. § 1112(b) ...................................................................................... passim

11 U.S.C. § 1112(b)(2) .............................................................................................6, 7

11 U.S.C. § 1106(a)(1)..................................................................................................4

11 U.S.C. § 1116...........................................................................................................5

28 U.S.C. § 1930(a)(6)..................................................................................................5

**DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DISMISSING THIS CASE, OR IN THE ALTERNATIVE, CONVERTING THIS CASE TO CHAPTER 7**

## PRELIMINARY STATEMENT

MAX NY UNION SQUARE LLC, the above-captioned debtor and debtor-in-possession (the **"Debtor"**), respectfully submits this memorandum of law in opposition to the Motion of William K. Harrington, the United States Trustee for Region 2 (the **"United States Trustee"** or **"UST"**), for an order dismissing this chapter 11 case or, in the alternative, converting it to chapter 7 (the **"UST Motion"**).

The UST Motion must be denied. The Debtor acknowledges that it has failed to satisfy certain debtor-in-possession obligations, specifically, the timely filing of monthly operating reports (**"MORs"**) in the correct form, the payment of de-minimis statutory fees, and the filing of a plan of reorganization within the small business deadline. The Debtor does not minimize these failures. However, dismissal or conversion is a drastic and irreversible remedy that the Bankruptcy Code reserves for cases where rehabilitation is not possible and creditors would not benefit from continuation. That is just not this case in the instant matter.

The Debtor operates a restaurant and retail business at 841 Broadway, New York, New York 10001. The business has going-concern value, active operations, and employees that are dependent on its continued existence. Critically, all of the deficiencies identified by the UST are **curable and are in the process of being cured**. The Debtor is in the process of filing all outstanding MORs before the scheduled hearing, as well as paying any statutory fees owed, and has a plan of reorganization in advanced preparation, which is being filed. This is precisely the situation Congress contemplated when it enacted the **"unusual circumstances"** exception of section 1112(b)(2), which bars dismissal or conversion where there is a reasonable likelihood of a successful reorganization and the defaults are in the process of being remedied.

The purpose of chapter 11 is rehabilitation, not liquidation. Dismissing this case would not benefit creditors, it would eliminate the going-concern value of the Debtor's business, end the automatic stay, and leave creditors to pursue collection. The Court should deny the UST Motion and grant the Debtor a reasonable period to complete its cure and file its plan. What's baffling is that I thought the Trustee was objective and their to support the debtor.

## BACKGROUND

The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 10, 2026 (the **"Petition Date"**). The Debtor is a small business debtor as defined under 11 U.S.C. § 101(51D) and has been operating as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code since the Petition Date.

The Debtor operates a restaurant and retail business at the Premises located at 841 Broadway, New York, New York 10001. The Premises is leased from 841-853 Fee Owner LLC (the "Landlord") under a nonresidential real property lease that is a critical asset of the Debtor's estate. The Debtor has remained current on all post-petition rent obligations under the Lease throughout these chapter 11 proceedings.

On May 26, 2026, the Debtor filed ECF No. 20, self-identified as a *"First Small Business Monthly Operating Report for Filing Period March to May 4"* (the "Initial MOR"). The Initial MOR was filed in good faith and represented the Debtor's first attempt to satisfy its reporting obligations. The Debtor has since been informed by the UST that the Initial MOR was insufficient in two respects: (i) it combined multiple months into a single filing rather than submitting separate reports

for each month; and (ii) it did not use the court-approved form. The Debtor takes full responsibility for these deficiencies and has taken immediate steps to remedy them.

The Debtor has also not yet paid statutory fees pursuant to 28 U.S.C. § 1930(a)(6), and has not filed a plan of reorganization or disclosure statement within the small business deadline of June 10, 2026. The Debtor acknowledges these failures and is addressing each of them simultaneously with the filing of this opposition. As set forth below, the existence of remediable defaults does not warrant the drastic remedy of dismissal or conversion and all defaults will be remedied prior to the hearing scheduled on Monday, July 13, 2026.

## ARGUMENT

### I. THE UST BEARS THE BURDEN OF ESTABLISHING CAUSE UNDER § 1112(b) AND THE STATUTORY FRAMEWORK REQUIRES MORE THAN MERE PROOF OF DELINQUENCY.

Section 1112(b)(1) of the Bankruptcy Code provides that the Court shall convert or dismiss a chapter 11 case *"if the movant establishes cause."* The burden of demonstrating cause rests squarely with the movant. *In re BHS & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

However, Section 1112(b) does not end the analysis upon a finding of cause. Section 1112(b)(2) provides that, *"notwithstanding"* a finding of cause, the Court *"shall not"* convert or dismiss if the debtor or another party in interest establishes both that: (A) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; and (B) the cause for dismissal or conversion *"includes acts and omissions of the debtor"* for which *"there exists a reasonable justification for the act or omission"* and *"the act or omission will be cured within a reasonable period of time."* 11 U.S.C. § 1112(b)(2). The structure of section 1112(b) is therefore a two-step inquiry — cause plus the absence of unusual circumstances — not a one-step test.

Section 1112(b)(4) list of enumerated grounds for cause are not exhaustive. Even where cause is established, the Court retains discretion to deny the motion where the unusual circumstances exception applies. The UST's motion addresses cause but devotes only a single conclusory paragraph to the unusual circumstances analysis, without engaging with the evidence or addressing the curable nature of the defaults. That truncated analysis does not satisfy the UST's burden. Additionally there is reasonable cause in the instant matter as Debtor's counsel has a serious

medical condition that caused him to visit several specialists, doctors and was also admitted to a hospital over the last several weeks.  Ms. Shara Cornell states that she tried to reach out to me to no avail which is not true.  The last email I received from her is in March, 2026.  No telephonic messages were received.  Additionally, I called the trustees office several times in May and June and was unable to connect with anyone.

## II.  EVEN IF CAUSE EXISTS, THE DEBTOR HAS CURED OR IS IN THE PROCESS OF CURING ALL IDENTIFIED DEFAULTS.

Even assuming arguendo that the identified deficiencies constitute cause under section 1112(b)(4), dismissal or conversion is still inappropriate because each default will be remedied prior to the scheduled hearing.  Courts in this District have consistently recognized that prompt and genuine cure of chapter 11 defaults weighs heavily against the drastic remedy of dismissal. *See In re Embers 86th St., Inc.,* 184 B.R. 892 (Bankr. S.D.N.Y. 1995).

## A.   The MOR Deficiency Is Being Remedied Simultaneously with This Opposition.

The UST identifies two deficiencies with the Debtor's reporting: (1) the filing of a combined MOR covering March to May 4 rather than separate monthly reports; and (2) the use of an incorrect form. The Debtor does not dispute either deficiency. However, these are technical, correctable failures, not substantive ones. The Initial MOR (ECF No. 20) demonstrated the Debtor's good-faith effort to comply with its reporting obligations. The Debtor was not aware that the combined format was impermissible until the UST raised the issue.

Prior to the hearing scheduled, the Debtor is filing separate, properly-formatted MORs for each of the outstanding reporting periods for the short month of February 2026, the months of March 2026, April 2026, and May 2026 on the correct court-approved forms. Each MOR will accurately reflect the Debtor's financial operations for the applicable period and provides the UST, the Court, and all parties in interest with the complete financial transparency that MORs are designed to ensure.

Section 1112(b)(4)(F) defines cause as an *"unexcused failure to satisfy timely any filing or reporting requirement."* The Debtor respectfully submits that its failure was not *unexcused,* the Debtor made a good-faith filing, used the wrong form based on a misunderstanding of the applicable requirements, Counsel has been out with a serious medical condition and will remedy the deficiency as stated herein.  A technical MOR deficiency that has been promptly corrected upon notice does not support the dismissal of an otherwise viable chapter 11 case.

**B. Statutory Fees Will Be Paid Immediately.**

The Debtor acknowledges that statutory fees pursuant to 28 U.S.C. § 1930(a)(6) have not been paid. The UST itself acknowledges that, without correct MORs, the precise amount of statutory fees *"are merely estimated at this time."* UST Motion at 2. The Debtor is prepared to pay all statutory fees in full, prior to the hearing.

Non-payment of statutory fees is a serious matter, and the Debtor does not minimize it. However, courts in this District have consistently held that prompt payment of outstanding fees, tendered in connection with an opposition to dismissal, is a strong factor against conversion or dismissal. *See Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Grp., Inc.)*, 352 F.3d 671, 674 (2d Cir. 2003). The outstanding fees represent a curable monetary default, not evidence of bad faith or a fundamentally unviable case. The Debtor stands ready to make payment in full upon the Court's direction.

**C. The Missed Small Business Plan Deadline Does Not Mandate Dismissal.**

The UST argues that the Debtor, as a small business debtor, was required to file a plan of reorganization by June 10, 2026 pursuant to section 1116 of the Bankruptcy Code, and that failure to do so constitutes cause for dismissal. While the Debtor acknowledges the missed deadline, this failure does not mandate dismissal for two reasons.

First, the small business plan deadline, like all deadlines in chapter 11, is subject to extension by the Court for cause shown. 11 U.S.C. § 1121(e)(3). The Debtor has a plan of reorganization in advanced preparation. The delay in filing the plan was directly related to the same operational and administrative challenges, construction and signage challenged caused by the Landlord and counsels medical issues that caused the MOR and fee deficiencies. These are the same circumstances that the *"unusual circumstances"* exception of section 1112(b)(2) was designed to address.

Second, the UST's argument that it is *"unlikely that the Debtor will be able to confirm a plan"* is entirely speculative and unsupported by evidence. The UST's conclusion is based solely on the fact that no plan has yet been filed, barren of any analysis of the Debtor's financial condition, creditor composition, or reorganization prospects. The Debtor respectfully submits that, with a plan that will be filed this weekend and MOR compliance, the premise of the UST's argument has been significantly undermined.

### III.  UNUSUAL CIRCUMSTANCES ESTABLISH THAT DISMISSAL IS NOT IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE.

Even where cause exists, section 1112(b)(2) prohibits dismissal or conversion where the Court finds: (A) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; and (B) the cause for dismissal includes acts or omissions of the debtor for which there is a reasonable justification and which will be cured within a reasonable time. Both prongs are satisfied here.

### A.  The Debtor's Business Has Genuine Reorganization Value.

The Debtor operates an active, going-concern business at 841 Broadway, a highly desirable commercial location in Manhattan. The business generates revenue from both restaurant and retail operations and employs approximately 50 individuals. The Debtor has remained current on its most significant financial obligation, post-petition rent under the Lease, throughout these chapter 11 proceedings. This is not a dormant shell or a case filed in bad faith. This is a functioning business that encountered administrative difficulties in the early months of bankruptcy proceedings primarily due to the Landlords construction which shielded the façade and signage to the public.

The Debtor's plan of reorganization, will provide a concrete roadmap for the treatment of creditor claims and the continued operation of the business.

### B.  Creditors Are Better Served by Reorganization Than by Dismissal.

The UST's motion does not address how creditors would end up upon dismissal. The answer is unfavorably. Dismissal of this case would: (i) immediately lift the automatic stay, enabling a disorderly race by creditors to attach assets; (ii) eliminate the going-concern value of the Debtor's business, which would result in a liquidation; (iii) displace and terminate the Debtor's 50 employees; and (iv) terminate the order preserving the Debtor's lease at 841 Broadway, currently in place.

By contrast, allowing this case to proceed to plan confirmation would: (i) provide an orderly, court-supervised distribution to creditors; (ii) preserve the going-concern value of the business; (iii) protect jobs; and (iv) maximize the estate's assets for the benefit of all stakeholders. This is precisely the outcome chapter 11 is designed to achieve. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527-28 (1984) (chapter 11 *"is designed to permit the debtor to reorganize its business and rehabilitate itself"*). The UST's motion, if granted, would destroy value rather than preserve it.

## C. Conversion to Chapter 7 Is Equally Inappropriate.

The UST seeks dismissal or, in the alternative, convert this case to chapter 7. Conversion is also not appropriate. A chapter 7 trustee would be required to liquidate the Debtor's assets, including the lease at 841 Broadway, an asset that has been the subject of this litigation and retains substantial going-concern value. A liquidation would eliminate that value and will produce lower recoveries for creditors than a confirmed chapter 11 plan. The *"best interests of creditors and the estate"* standard of section 1112(b)(1) requires the Court to compare outcomes, which clearly favors reorganization over liquidation.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court: (i) deny the UST Motion in its entirety; or in the alternative, (ii) adjourn the hearing on the UST Motion for [30-45] days to permit the Debtor to complete its cure of all identified defaults and file its plan of reorganization; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 10, 2026

Respectfully submitted,

**LAW OFFICES OF MITCHELL S. SEGAL P.C.**
Counsel to the Debtor and Debtor-in-Possession

By:      /s/   Mitchell Segal
_____
Mitchell Segal, Esq.
1129 Northern Blvd., Ste 404
Manhasset, New York 11030
Ph: (516) 415-0100
Email: msegal@segallegal.com